UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOE, )<br>)<br>Defendant. )<br>) | Civil Action No. 15-13344-PBS |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

[Dkt. No. 13]

April 15, 2016

Boal, M.J.

Pro se Plaintiff Friedrich Lu ("Lu") moves "to compel discovery of custodian of record." Dkt. No. 13. Specifically, Lu complains that LeaseWeb USA, Inc. ("LeaseWeb") has not complied with his subpoena. Id. at 1. For the following reasons, the Court denies Lu's motion.[1]

On February 4, 2016, this Court granted pro se plaintiff Friedrich Lu's ex parte motion for early discovery for the sole purpose of identifying the Doe Defendant named in the Complaint. Dkt. No. 12. Lu states that pursuant to this Court's Order, he sent a package containing a subpoena and other materials to Jacqueline van de Werken, General Counsel of LeaseWeb. Dkt. No. 13 at 1. As proof of service, Lu only attaches a "U.S. Postal Service Certified Mail Receipt," which shows that Lu purchased postage for a package on February 19, 2016. Id. at 2.

---

[1] On December 21, 2015, the District Court referred the matter to this Court for full pretrial, case management, and a report and recommendation on dispositive motions. Dkt. No. 10.

1

Lu argues that because LeaseWeb has neither opposed nor complied with his subpoena, the company should be compelled to produce the subscriber information he seeks. Id. at 1-2.

The Federal Rules of Civil Procedure provide that "any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). According to a leading treatise, "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed. 2008). Wright & Miller also note, however, an "emerging minority position" that "service of a subpoena under Rule 45 [is] proper absent personal service." Id. "[C]ourts that have embraced the minority position have in common a willingness to acknowledge *that Rule 45 itself does not expressly require personal in-hand service,* and a practical appreciation for the fact that *the obvious purpose of Rule 45(b) is to mandate effective notice* to the subpoenaed party, rather than slavishly adhere to one particular type of service." Bland v. Fairfax County, Virginia, 275 F.R.D. 466, 468 (E.D.Va. 2011) (citation omitted; emphasis in original). Accordingly, service by Federal Express or certified mail is proper where it is effectuated by a means reasonably calculated to complete delivery and where the respondent received actual notice of the subpoena. See In re New England Compounding Pharm., Inc. Prod. Liab. Litig., No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass., Nov. 13, 2013).

Here, there is no evidence that Lu has served the subpoena in person or by another means that satisfies Rule 45(b)(1). Unlike a "return receipt," which provides evidence of delivery in the form of a postcard signed by the recipient, the certified mail receipt provided by Lu neither lists the shipping address nor confirms whether the materials were actually received by LeaseWeb.

Furthermore, Lu lists an individual to whom he mailed the subpoena, but he has failed to show that Ms. van de Werken in fact received the subpoena or is even an appropriate recipient of a subpoena to LeaseWeb.

Based on the information before the Court, it is not apparent that service of the subpoena was proper or that LeaseWeb has actual notice of the subpoena.  Accordingly, Lu's motion is denied without prejudice.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge